UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

APPLEPIE CAPITAL, INC., a Delaware
corporation,

    Plaintiff,

v.

HOLLAND PIZZA, LLC, a Michigan
limited liability company, SOPHIA LEONGAS, an
individual DAVID JURGENSEN, an individual,
and HOLLAND PIZZA INVESTORS, LLC, an
Illinois limited liability company,

    Defendants.

Case No. _____
Hon. _____
Mag. Judge _____

_____/

BARRIS, SOTT, DENN & DRIKER, PLLC
Dennis M. Barnes (P39401)
C. David Bargamian (P43742)
Attorneys for Plaintiff
333 West Fort Street, Suite 1200
Detroit, Michigan 48226
(313) 965-9725
dbarnes@bsdd.com
dbargamian@bsdd.com

_____/

## COMPLAINT

Plaintiff ApplePie Capital, Inc., ("ApplePie"), for its Complaint against Defendants Holland Pizza, LLC, Sophia Leongas, David Jurgensen and Holland Pizza Investors, LLC, states:

475890v2

## NATURE OF THE CASE

1.     This case is brought by the Plaintiff to collect on the outstanding balance owing by the Defendants for a commercial loan made by ApplePie to Defendant Holland Pizza, LLC ("Holland") and guaranteed by Defendants, Sophia Leongas ("Leongas"), David Jurgensen ("Jurgensen") and Holland Pizza Investors, LLC ("Investors"), who own and control Holland.

## PARTIES

2.     ApplePie is a Delaware corporation, with its main office for business in San Francisco, California.

3.     Holland is a Michigan limited liability company which has its registered office in Muskegon, Michigan and conducts business in Holland, Michigan in the Western District of Michigan.

4.     Leongas is an individual who, on information and belief, resides in Michigan and conducts business in the Western District of Michigan. At the time the loan that is the subject of this Complaint was made and at all relevant times thereafter, Leongas was a resident of Michigan.

5.     Jurgensen is an individual who, on information and belief, resides in Michigan and conducts business in the Western District of Michigan. At the time the loan that is the subject of this Complaint was made and at all relevant times thereafter, Jurgensen was a resident of Michigan.

6.   Investors is an Illinois limited liability company and maintains an office in Chicago, Illinois, and, upon information and belief, Leongas and Jurgensen are all the members of Investors.

7.   Leongas, Jurgensen and Investors are sometimes referred to herein as the "Guarantors."

## JURISDICTION AND VENUE

8.   ApplePie is a citizen of California, where its principal place of business is located.

9.   Leongas and Jurgensen, on information and belief, reside in Michigan and conduct business in the Western District of Michigan and are the sole members of Investors. Holland is a Michigan limited liability that conducts business at 3333 West Shore Drive in Holland, Michigan.

10.   Pursuant to 28 U.S.C. § 1332(a), this Court has diversity jurisdiction over the claims of ApplePie, because the amount in controversy exceeds $75,000, exclusive of costs and interest, and the action is between citizens of different states.

11.   Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because Defendants reside in the Western District of Michigan, the events giving rise to this action occurred in the Western District of Michigan, and Defendants are subject to jurisdiction in the Western District of Michigan.

## BACKGROUND

12. On or about February 26, 2016, Cross River Bank, a New Jersey state-chartered bank, made a commercial loan in the original principal amount of Seven Hundred Seventy-Five Thousand and 00/100 ($775,000.00) Dollars (the "Loan") to Holland for purposes of financing Holland's business of owning and operating a Giordano's pizza franchise.

13. The Loan is evidenced by a Note dated February 26, 2016, in the original principal amount of the Loan (the "Note", a copy of which is attached as Exhibit A).

14. Holland executed and delivered the Note to Cross River pursuant to the terms and conditions of a Credit Agreement, dated February 26, 2016 (the "Loan Agreement", a copy of which is attached as Exhibit B).

15. To secure repayment of the Loan, Holland executed a Security Agreement, dated February 26, 2016 (the "Security Agreement", a copy of which is attached as Exhibit C) granting Cross River a first priority security interest in all of Holland's assets, which security interest was perfected by a UCC-1 financing statement filed with the Michigan Secretary of State.

16. To induce Cross River to make the Loan and to secure repayment of the Loan and performance of Holland's obligations under the Note and Loan Agreement, Leongas and Jurgensen executed and delivered to Cross River a

Personal Guaranty, absolutely and unconditionally guaranteeing to Cross River the full and punctual payment of the Loan as a primary obligation of Leongas and Jurgensen (the "Personal Guaranty", a copy of which is attached as Exhibit D).

17. To further induce Cross River to make the Loan and to secure repayment of the Loan and performance of Holland's obligations under the Note and Loan Agreement, Investors executed and delivered to Cross River an Unlimited Guaranty, absolutely and unconditionally guaranteeing to Cross River the full and punctual payment of the Loan as a primary obligation of Investors (the "Company Guaranty", a copy of which is attached as Exhibit E). The Company Guaranty and the Personal Guaranty are sometimes collectively referred to as the "Guaranty."

18. The Note, Loan Agreement, Security Agreement, Guaranty and all other documents evidencing, securing or executed in conjunction with the Loan (the "Loan Documents") were assigned by Cross River to ApplePie Finance, LLC ("APF"), a wholly-owned subsidiary of ApplePie, pursuant to the terms of an Amended and Restated Loan Sale Agreement, dated December 10, 2014, as amended and restated on June 11, 2015, executed and delivered by Cross River and APF (the "Assignment").

19. APF in turn assigned its interest in the Loan Documents to ApplePie Trust (the "Trust"), pursuant to the terms of a Loan Purchase Agreement, dated

5

December 9, 2016 (the "Trust LPA"). The Trust has authorized ApplePie to service the Loan and act as its agent in connection with its rights under the Loan Documents, as documented by a Servicing Agreement, dated December 9, 2016 (the "Servicing Agreement").

20. The Note provides that Holland is to pay the outstanding balance of the Loan according to the terms of Article 1 of the Loan Agreement. (Exhibit A, Note, p. 1.)

21. The Loan Agreement provides: "[Holland] shall pay the principal and interest amounts stated in the loan payment schedule to be provided by Lender to Borrower prior to the Loan being funded. All payments shall be due on the fifteenth (15th) day of each calendar month, unless otherwise indicated in the loan payment schedule." (Exhibit B, Loan Agreement, Article 1, p. 1.)

22. The Loan Schedule agreed to between Cross River and Holland provides for combined monthly payments of principal and interest due on the 15th day of each month in the amount of Thirteen Thousand Forty-Two and 99/100 ($13,042.99) Dollars each (the "Loan Payment Schedule" a copy of which is attached as Exhibit F).

23. The Loan Agreement further provides:

> Upon the occurrence of any of the following events (each, an "Event of Default"), Lender may, at its option, without any demand or notice whatsoever, declare the Note and all Obligations to be fully due and

payable in their aggregate amount, together with accrued interest and all fees and charges applicable thereto:

(a) Except as otherwise provided in this Agreement, any failure to make any payment by ACH when due of principal or accrued interest under this Agreement, the Note or any other Obligation and such nonpayment remains uncured for a period of ten (10) days thereafter or any rescission by Borrower of ACH authorization previously granted to Lender;

(Exhibit B, Loan Agreement, Article 7, p. 12.)

24. The Guaranty provides that each Guarantor "hereby guarantees, jointly and severally if more than one, the full and prompt payment when due, whether upon the occurrence of an Event of Default or earlier by reason of acceleration or otherwise, and at all times thereafter of (i) all Indebtedness, liabilities and obligations of every kind and nature of [Holland] to [Cross River] . . . (ii) all of Borrower's indebtedness, liabilities and obligations under any of the Loan Documents (as defined in the Credit Agreement), and (iii) all expenses (including reasonable attorneys' fees) incurred by [Cross River] in enforcing any rights under this Guaranty (all such indebtedness, liabilities, obligations and expenses collectively referred to herein as the "Obligations") (Exhibit D, Personal Guaranty, p. 1. Exhibit E, Company Guaranty, p. 1.)

25. The Borrower defaulted in the terms and conditions of the Loan by failing to make the required monthly payments for four consecutive months. On May 30, 2018, ApplePie sent to the Borrower a notice of default and demand letter,

notifying the Borrower that ApplePie was accelerating the Loan balance due, and demanding payment of the full amount of the Loan no later than June 10, 2018 (the "Default Letter", a copy of which is attached as Exhibit G).

26. Also on May 30, 2018, ApplePie sent the Guarantors a notice of default and demand for payment and a copy of the Default Letter (the "Guarantor Default Letter", a copy of which is attached as Exhibit H).

27. Despite ApplePie's demand, Holland and the Guarantors have not repaid the Loan in breach of their obligations under the Note, Loan Agreement and Guaranty and a balance remains outstanding and unpaid. As of July 19, 2018, the following amounts are due and owing to ApplePie from Holland and the Guarantors under the Note, Guaranty and other Loan Documents:

| Outstanding Principal | $633,496.31 |
| Accrued and Unpaid Interest | $24,804.21 |
| Late Charges | $60.00 |
| Out of Pocket Expenses Incurred | $2,125.00 |
| Total | $660,485.52 |

Interest will continue to accrue under the Note and other Loan Documents until the Loan is paid in full.

28. Further, under the Guaranty, in addition to the Guarantors' obligation to pay all sums due under the Loan Documents, the Guarantors are liable for paying all of ApplePie's costs and expenses, including but not limited to ApplePie's attorneys' fees, incurred in the enforcement of any of the duties and

obligations of the Guarantors. (Exhibit D, Personal Guaranty, p. 1.; Exhibit D, Company Guaranty, p. 1.)

29. Pursuant to the Loan Agreement, in addition to Holland's obligation to pay all sums due under the Note, Loan Agreement and other loan documents, Holland is liable for paying all of ApplePie's costs and expenses, including but not limited to ApplePie's attorneys' fees, incurred in the enforcement of any of the duties and obligations of the Holland. (Exhibit B, Loan Agreement, Article 8, p. 13.)

30. ApplePie has incurred and will continue to incur additional costs, expenses, and attorney fees in the enforcement of the duties and obligations of Holland and the Guarantor under the Loan Documents as this action progresses.

## COUNT I
## Breach of Note and Loan Agreement

31. ApplePie incorporates each preceding paragraph as if specifically alleged herein.

32. The Note and Loan Agreement were entered into for good and valuable consideration.

33. ApplePie has fully performed its obligations under the Loan Documents.

34. Holland defaulted under the terms of the Note and Loan Agreement and has breached its obligations under the Note and Loan Agreement by failing to pay the outstanding balance, despite ApplePie' demand.

35. ApplePie has been damaged by Holland's breach of the Note and Loan Agreement in the amount of the outstanding Loan Balance and accrued and unpaid expenses.

## COUNT II
## Breach of Guaranty

36. ApplePie incorporates each and every preceding paragraph as if specifically alleged herein.

37. The Guaranty provides that each Guarantor guarantees to ApplePie (a) the payment when due, whether by acceleration or otherwise, of the indebtedness owing pursuant to the terms of the Note and other loan documents, and (b) the prompt and complete performance by Holland of all undertakings, promises, and agreements as contained in the Loan Documents.

38. The Guaranty was entered into for good and valuable consideration.

39. ApplePie has fulfilled all of its obligations under the Loan Documents.

40. Guarantors' failure to pay the Holland's indebtedness to ApplePie constitutes a breach of the Guaranty.

41. ApplePie has been damaged by Guarantor's breach.

WHEREFORE, ApplePie respectfully requests that this Court:

A.  Enter a judgment in its favor and against Borrower and Guarantor, jointly and severally, for all amounts owed under the Note, Loan Agreement, Guaranty, other loan documents and/or applicable law;

B.  Award all expenses and costs of collection, including attorneys' fees, incurred by ApplePie in this or any other proceeding in connection with obtaining such relief; and

C.  Grant any and all further relief as the Court may deem to be fair, just, or equitable.

Respectfully submitted,

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By: /s/Dennis M. Barnes
Dennis M. Barnes (P39401)
C. David Bargamian (P43742)
Attorneys for Plaintiff
333 West Fort Street, Suite 1200
Detroit, Michigan 48226
(313) 965-9725

Dated: July 23, 2018